```
              UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                     Norfolk Division
```

MARK A. GRETHEN, #1174620,            :
                                      :
            Petitioner,               :
                                      :
v.                                    :    ACTION NO. 2:13cv698
                                      :
HAROLD W. CLARKE, Director,           :
Virginia Department of Corrections,   :
                                      :
            Respondent.               :

## REPORT AND RECOMMENDATION

Petitioner Mark A. Grethen ("Petitioner" or "Grethen") is a Virginia inmate presently serving a 26-year sentence following his convictions on charges of forcible sodomy, aggravated sexual battery, and indecent liberties. His current habeas petition under 28 U.S.C. § 2254 raises due process challenges to prison discipline proceedings which resulted in a loss of good time credit, as well as related objections to the calculation of his previously earned credits.

Respondent filed a Rule 5 Answer and Motion to Dismiss with the required Notice to Grethen under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(k). Thereafter, Grethen moved six times to extend the time for responding (ECF Nos. 8, 10, 13, 14, 17, 20). The court resolved all of these prior requests (ECF Nos. 9, 11, 16, 18), and Grethen finally

responded on April 16, 2014. (ECF No. 24). In addition to his brief opposing the motion, Grethen has filed several additional requests for relief, including his Motion for Injunctive Relief (ECF No. 19), Motion to Appoint Counsel (ECF No. 21), Motion for Evidentiary Hearing (ECF No. 22), Motion for Contempt (ECF No. 23), two Motions to Strike Respondent's Exhibits (ECF Nos. 26, 25), Motion to Append the Motion for Contempt (ECF No. 27), and a Motion for Discovery (ECF No. 28). The Respondent has not replied to Grethen's opposition brief or filed any response to his various other requests for relief, and the time for responding has now expired. For the reasons set forth in detail below, this Report recommends the court deny Grethen's Motion to Strike the affidavits (ECF Nos. 25, 26), grant Respondent's Motion to Dismiss (ECF No. 5) and deny Grethen's other related claims for relief (ECF Nos. 19-23; 27-28).

### I. STATEMENT OF THE CASE

Grethen is a Virginia inmate presently housed at the Augusta Correctional Center in Craigsville, Virginia. His petition for habeas corpus relief primarily challenges the Department of Corrections' ("DOC") revocation of earned good time credit as a result of his failure to comply with re-entry planning while housed at the Greenville Correctional Center ("Greenville"). In order to assist with re-entry planning, DOC Operating Procedure 820.2 requires inmates to obtain a copy of

their birth certificate, and if no birth certificate is received, to submit an application to the appropriate state to obtain an official copy. (ECF No. 6-18 at 10). The birth certificate is retained by the facility during the inmate's incarceration and provided to the inmate upon release. Id. After arriving at Greenville, Grethen spoke to DOC Rehabilitative Counselor Binwi Mfonyam, who advised him of the requirement that he obtain a copy of his birth certificate and provided a New York State application. (Mfonyam Aff., ECF No. 6-17 at 1-2)[1]. Grethen refused to provide a copy, or assist in obtaining one. As a result, Mfonyam placed a disciplinary charge against him for refusal to participate in re-entry planning or preparation (Offense Code 109(c)) (ECF No. 6-17 at 1).

At the time the charge was placed against Grethen, he told

---

[1] Two of Grethen's supplemental requests for relief relate to affidavits submitted by the Respondent in support of his Motion to Dismiss. Both the Mfonyam affidavit and an affidavit from Hearing Officer S. A. Lawrence (ECF No. 6-18) relate the details of Grethen's disciplinary charge and the process he received. Both were part of the state court record. (ECF Nos. 6-5 at 34-35, 6-6 at 1-3). Grethen's Motions to Strike the affidavits do not assert any legal basis, but instead consist of attacks on the credibility of the attesting witnesses, as well as Grethen's own sworn statement relating his view of the matters they describe. Grethen was previously advised of his right to submit affidavits and the consequences of failing to do so. (ECF No. 7). Despite having received multiple extensions of the time to respond, Grethen's attacks on the affidavits were not filed until April 18, 2014, after the date fixed for response by the court's last Order. (ECF No. 25-1). Nevertheless, the court considered Grethen's opposition and finds no basis to strike the affidavits. See Rule 5(c) Rule Governing § 2254 cases (permitting narrative summary of record). The court has, however, considered Grethen's sworn response in preparing this Report notwithstanding the late filing. Rule 7(c) Rules Governing § 2254 cases (permitting affidavits if opposing party offered a chance to respond).

Mfonyam that he "knew his rights, and that the Commonwealth of Virginia could not make him provide his birth certificate." (Mfonyam Aff., ECF No. 6-17 at 5). On April 5, 2011, Grethen appeared before Hearing Officer S. A. Lawrence. Prior to convening the hearing, Grethen had been served with a copy of the charge on March 30, 2011 at 3:47 p.m. The notice of the charge advised Grethen of the time and date of his disciplinary hearing and included a signed copy of the disciplinary charge. (S.A. Lawrence Aff., ECF No. 6-18 at 2, 4-5). Grethen was present at the hearing which was conducted as scheduled on April 5, 2011. He was found guilty of the disciplinary charge based on Mfonyam's testimony and penalized with a loss of 90 days accumulated good time credit per DOC policy. (Lawrence Aff., ECF No. 6-18 at 2).

After exhausting his administrative appeals, Grethen filed a state habeas petition challenging DOC's decision to deny him good time credit on the basis of the disciplinary charge. Grethen v. Director, Case No. CL12-196, Suffolk Circuit Court, August 17, 2012 (ECF No. 6-3 at 2-5). After reviewing the proceedings, the Circuit Court dismissed Grethen's petition on the grounds that "he was afforded all procedural due process in his disciplinary hearing on April 5, 2011." The Supreme Court of Virginia refused Grethen's later appeal, finding no reversible error in the Circuit Court's judgment. Grethen v.

4

Director, Record No. 122000, July 9, 2013 (ECF No. 6-1 at 5). Grethen also filed a petition for rehearing which the court denied November 7, 2013. (ECF No. 6-1 at 4).

Grethen's federal habeas petition under 28 U.S.C. § 2241 raises the same claims presented to the Circuit Court for the City of Suffolk, and thereafter to the Virginia Supreme Court. For the reasons set forth in greater detail below, Grethen's claims are barred from review by the provisions of 28 U.S.C. § 2254(d).

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

"To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest

5

court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971). Respondent concedes, and the court agrees, that for purposes of federal review, Grethen's claims have been exhausted.

Once a petitioner's state remedies have been exhausted, a federal court may not grant relief on any claim adjudicated on the merits by the state court, unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. §§ 2254(d)(1)-(2). A state court's adjudication is contrary to clearly established federal law if the court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. Factual determinations made by a state court, however, are "presumed to be correct," and a habeas petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see Hill v. Ozmint, 339 F.3d 187, 194 (4th Cir. 2003).

In addition to his primary claims related to due process, Grethen also brought a challenge to his earlier classification for purposes of earning good-time credits. (ECF Nos. 1, 39-44; 6-10, 28-33). The Suffolk Circuit Court dismissed these claims on the basis that they were time-barred. (ECF No. 6-3 at 3)(citing Va. Code § 8.01-654(A)). When the state court dismisses on adequate and independent procedural grounds, federal review is strictly limited. See O'Dell v. Netherland, 95 F.3d 1214, 1243 (4th Cir. 1996) (recognizing Virginia's statute of limitations for habeas claims as adequate and independent). Procedural default may only be excused if the petitioner can "demonstrate that cause and prejudice exist to excuse the default or that the failure of the court to consider the claims would amount to a fundamental miscarriage of justice." Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997). Grethen has not attempted to show cause for his failure to raise the classification challenge and thus it is unnecessary to address the element of prejudice. As a result, the court may not consider his claims.

With regard to his due process claims, however, Grethen obtained a merits review in state court. As a result, relief in this court is permitted only if Grethen can demonstrate that the state court determination was contrary to federal law or resulted from an unreasonable determination of fact or

7

application of federal law. Grethen cannot demonstrate any of these.

There is no doubt that prisoners may claim the protections of the Due Process Clause. See Wolff v. McDonnell, 418 U.S. 539, 555 (1974). However, "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." Id. To the contrary, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. As the Supreme Court has explained:

> The requirements of due process are flexible and depend on a balancing of the interests affected by the relevant government action. Where a prisoner has a liberty interest in good time credits, the loss of such credits threatens his prospective freedom from confinement by extending the length of imprisonment. Thus, the inmate has a strong interest in assuring that the loss of good time credits is not imposed arbitrarily. This interest, however, must be accommodated in the distinctive setting of a prison, where disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." Consequently, in identifying the safeguards required by due process, the Court has recognized the legitimate institutional needs of assuring the safety of inmates and prisoners, avoiding burdensome administrative remedies that might be susceptible to manipulation, and preserving the disciplinary process as a means of rehabilitation.

Superintendent, Massachusetts Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454-55 (1985) (citations omitted).

Accordingly, in Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court considered how prison disciplinary hearings must be structured to ensure they comport with the requirements of the Due Process Clause: (1) written notice of the disciplinary charges must be provided to the defendant at least 24 hours in advance of the disciplinary hearing; (2) a neutral and detached hearing body; (3) the opportunity to call witnesses and present documentary evidence; (4) an opportunity for non-attorney representation if the inmate is illiterate or the disciplinary hearing is complex; and (5) a written statement provided by the fact finder(s) outlining the evidence relied upon and the reasons for the chosen course of disciplinary action. Wolff, 418 U.S. at 563-67; see also Crawley v. Wilson, No. 2:11CV542, 2012 WL 2505118, at *4 (E.D. Va. May 16, 2012).

Each of these requirements was met in Grethen's case. He was given notice of the charges against him on March 30, 2011, almost a full week before the hearing. (Lawrence Aff., ECF No. 6-18 at 2). On April 5, 2011, Grethen attended the DHO hearing. He submitted documentary evidence to support his position regarding his objections to participating. He did not contest his refusal[2] but he did complain about the underlying policy. After the hearing, Grethen was given a written statement of the

---

[2] Grethen's current pleadings maintain that he was provided the wrong application to obtain his birth certificate, but he made no such claim at the DHO hearing and the different application was not the reason he opposed providing his birth certificate. (Mfonyam Aff., ECF No. 6-17 at 2).

9

DHO's findings, explaining the decision and the reasons for the sanction. Lastly, Grethen has not disputed the neutrality of the DHO.

All of this evidence was before the Circuit Court and its decision to deny habeas relief was entirely consistent with due process protection required by Wolff. In fact, Grethen makes no different arguments here, merely reiterating his disagreement with Greenville's operating procedures and pointing to perceived discrepancies in the record which were immaterial to the outcome of his proceedings in state court. Accordingly, Grethen has filed to establish any basis for this court to examine his claims under 28 U.S.C. § 2254(d), and the court should deny them.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Grethen's final Motion for Extension of Time (ECF No. 20) and Motions to Strike (ECF Nos. 25, 26) be DENIED, Respondent's Motion to Dismiss (ECF No. 5) be GRANTED and that Grethen's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and the claims DISMISSED with prejudice. In light of the foregoing, the undersigned also recommends Grethen's Motion to Appoint Counsel (ECF No. 21), Motion for Evidentiary Hearing (ECF No. 22) and Motion for Discovery (ECF No. 28) be DENIED as moot. Finally, as Grethen asserts no other basis for federal

jurisdiction in this case, the court should also DENY his two Motions for Contempt (ECF Nos. 23, 27) and DISMISS without prejudice his Motion for Injunctive Relief[3] (ECF No. 19).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendation within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. §636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v.

---

[3] Grethen's Motion for Injunctive Relief seeks relief unavailable in this habeas action. He has also filed a separate claim for relief under 42 U.S.C. § 1983.

11

Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the Petitioner and to counsel of record for the Respondent.

/s/ Douglas E. Miller
United States Magistrate Judge
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

June 12, 2014

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Mark A. Grethen
#1174620
Augusta Correctional Center
1821 Estaline Valley Road
Craigsville, VA 24430

John Michael Parsons
Office of the Attorney General (Richmond)
900 E Main St
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

__6/16/2014_____, 2014